

MAY 11 2023

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

Frank P. Sutton
Name
18386026
Prison Number
USP Atwater
P.O. Box 019001
Atwater, CA. 95301
Address or Place of Confinement

RECEIVED

MAY 11 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_______________DEPUTY CLERK

Note: If represented by an attorney, write attorney's name, address & telephone number

# United States District Court

## EASTERN DISTRICT OF CALIFORNIA

Frank P. Sutton
Full Name (First, Middle, Last)

Petitioner,

vs.

Trate
Name of Warden
(or other authorized person having custody of petitioner)

Respondent.

CASE NO. 1:23CV00731 CDB(HC)
(to be supplied by the Clerk of the United States District Court)

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY**

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

1.________ a conviction
2.________ a sentence
3.________ jail or prison conditions
4.___X___ prison discipline
5.________ a parole problem
6.________ other

**CAUTION:** If you are attacking a federal conviction, sentence or judgment, you must first file a direct appeal or motion under 28 U.S.C. § 2255 in the federal court which entered judgment.



**PETITION**

(1) Place of detention: United States Penitentiary Atwater

(2) Name and location of court which imposed sentence: U.S. District Court Central District of Illinois - Urbana Division

(3) Offense(s) and indictment number(s) (if known) for the sentence imposed:
18 USC § 2113(a) Bank Robbery
Cause Number - 12-CM-20083

(4) The date the sentence was imposed and the terms of the sentence:
June 18, 2013 ~ Term of 151 months

(5) What was your plea (check one): Not guilty ( ) Guilty (X) Nolo contendere ( )

(6) Kind of trial (check one): Jury ( ) Judge only (X)

(7) Did you appeal from the judgment of conviction or the imposition of sentence: Yes (X) No ( )

(8) If you did appeal, answer the following for *each* appeal:

FIRST APPEAL:
Name of court: Seventh Circut Court of Appeals
Grounds raised (list each):
1) Ineffective Assistance
2)

Result/Date of result: Withdrew Appeal (Date Unknown)

SECOND APPEAL:
Name of court:
Grounds raised (list each):
1)
2)

Result/Date of result:

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9) State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner. Summarize *briefly* the *facts* supporting each ground

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.



→ **GROUND ONE** Due Process Rights were Violated

in regards to B.O.P. Disciplinary Report # 3613839

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

**CAUTION:** You must state *facts, not conclusions,* in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

In the disciplinary hearing report - for incident # 3613839 - the disciplinary hearing officer imposed sanctions that were not verbally imposed at the time of the hearing, and he failed to state any reason(s) for imposing the additional sanctions which resulted in a violation of due process rights (See attached Memorandum).

→ **GROUND TWO** ______

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law).

## ADMINISTRATIVE APPEALS

(10) Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes (X) No ( ) If your answer is no, explain why not: ______

If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL Level of appeal: Regional (BP-10)
Grounds raised (list each):
1) D.H.O. Failure to state reason(s) for additional sanctions imposed
Result/Date of result: Denied - Aprox September 26, 2022

SECOND ADMINISTRATIVE APPEAL Level of appeal: Central Office (BP-11)
Grounds raised (list each):
1) D.H.O Failure to State reason(s) for additional Sanctions imposed
Result/Date of result March 24, 2023 / Denied



THIRD ADMINISTRATIVE APPEAL Level of appeal: N/A
Grounds raised (list each):

1) ______________________
2) ______________________
Result/Date of result: ______________________

FOURTH ADMINISTRATIVE APPEAL Level of appeal: N/A
Grounds raised (list each):
1) ______________________
2) ______________________
Result/Date of result: ______________________

(11) Is the grievance process completed? Yes (X) No ( )

PREVIOUS PETITIONS

(12) Have you filed previous petitions for habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

Yes ( ) No (X)

(13) If your answer to Question #12 was yes, give the following information for *each* previous petition:

FIRST PREVIOUS PETITION N/A
Name of court: ______________________
Nature of proceeding: ______________________
Grounds raised (list each):
1) ______________________
2) ______________________
Result/Date of result: ______________________

SECOND PREVIOUS PETITION N/A
Name of court: ______________________
Nature of proceeding: ______________________
Grounds raised (list each):
1) ______________________
2) ______________________
Result/Date of result: ______________________

(14) If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255. N/A



(15) Are you presently represented by counsel?

Yes ( ) No (X)

If so, provide your attorney's name, address, and telephone number:

______________________________________________

______________________________________________

(16) If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes (X) No ( )

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.

---

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

May 9, 2023
(Date)

Frank Sutton
(Signature of Petitioner)

______________________________
(Signature of Attorney, if any)

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF CALIFORNIA

FRANK P. SUTTON
Petitioner,
v.
WARDEN TRATE
Respondant.

Case no. -

MEMORANDUM IN SUPPORT OF PETITIONERS REQUEST FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Now comes the petitioner Frank P. Sutton, pro se, to file this instant memorandum in support of his request for writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241") in the above entitled cause. Petitioners due process rights have been violated in regards to a prison disciplinary report, he therefor seeks relief from this court, specifically requesting the disiplinary report be invalidated and expunged from his institutional record.

Since petitioners disciplinary report resulted in the loss of good time credits thereby changing the duration of his confinement this court has jurisdiction over the matter and his § 2241 is the propper vehicle to seek relief. See: Preiser v. Rodriguez, 411 U.S. 475, 494, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

I. Factual Background

Sometime in early March of 2022 petition was transfered to U.S.P. Allenwood, located in White Deer, Pensylvania. Upon the intake screening process he requested protective custody because he was transfered to U.S.P. Allenwood from U.S.P Terre Haute - located in Terre Haute, Indiana - which was a protective custody yard, and caucasian inmates housed on non-protective custody yards (commonly refered to as "active

yards") routinely assault other caucasian inmates who have requested protective custody in the past - which petitioner had.

Subsequently, petitioner was placed in the Special Housing Unit ("SHU") where he was ordered to go to the compound after about a week of being housed there. Due to concerns for his safety he chose to remain in the S.H.U. and ended up receiving a series 306 disciplinary report for "refusing housing" (this would be the first of three such disciplinary reports). A few days after, he was UDC'd and sanctioned by his unit team, and a few days after that - on April 5, 2022 - he was ordered to go to the compound again - which he also refused.

This time he was UDC'd by his unit team, but the matter was refered to the Disciplinary Hearing Officer ("DHO.") for disposition of the matter. The DHO Hearing was held by officer Bittenbender on May 9, 2022 where he told petitioner he was finding him guilty of the offense and sanctioning him to the disallowance of 27 days of good conduct time, and forfeiture of 60 days of non-vested good conduct time. This sanction resulted in a total loss of 87 days of good time.

The day after the DHO Hearing petitioner discovered he was on phone restriction when he tried to use the phone, something he was not previously on. He later learned, on May 16, 2022 when the DHO brought him a copy of the Disciplinary Hearing Report that not only did the DHO impose more sanctions than he stated during the hearing (1 year loss of commissary; 1 year loss of phone; 1 year loss of visits) but he didn't even provide a reason why he took them, only why he took the good time (See: Attached Exhibit "A" Section "VII").

Petitioner filed his first step of the administrative remedy process - BP 10 - to challange his incident report on the grounds that the DHO failed to give his reason, in writing, why he sanctioned him to any sanction other than loss of good time. The BP 10 was filed on July 28, 2022, and denied on or around September 26, 2022.

Petitioner didn't receive his response / denial to his BP 10 until he was at USP Canaan located in Waymart Pennsylvania, the institution he was transfered to from USP Allenwood. This transfer occured on or around September 28, 2022.

Once again, in concern for his safety, petitioner requested Protective Custody and was transfered to the SHU at USP Canaan where he was housed for three months and subsequenty sent to the RHU (restricted housing unit) program at USP Atwater. While he was in the SHU at USP Canaan he attempted to complete the administrative remedy process by requesting a BP-11 from his unit team, they refused his request (See: Attached Exhibit "B" - Petitioners Affidavit)

Once Petitioner arrived at USP Atwater he still attempted to complete the administrative remedy process and submitted a BP 11 to the central office in Washington, D.C. (See: Attached Exhibit "C"). The BP 11 was denied by Washington for failure to provide a copy of the BP 10, or the response to the BP.10. Petitioner was unable to provide those documents because a portion of his property was lost in the transit from USP Canaan to U.S.P. Atwater. His counselor at USP Atwater told him he has no way of securing another copy of the BP 10 response.

Petitioner feels that through due diligence, and court president - which is discussed in the next section - he has exhausted his administrative

remedies.

II. Arguement

The heart of the matter that the petitioner brings before this court is the fact that his due process rights have been violated in regards to the disciplinary report mentioned above. The right of due process is a right afforded to all United States citizens, and detailed in the Fourteenth Amendment of the United States Constitution. In the case of Haines v. Kerner, 404 US 519, 30 L. Ed. 2d. 652, 92 S. Ct. 594 (1972) the court extends this right to prisoners as well "Inmates may not be deprived of life, liberty, or property without due process of law". And the fact that the loss of good time changes the duration of his confinement, that's clearly enough to satisfy the liberty clause in Haines.

In the course of a disciplinary proceeding the fact finder must follow certain guidelines while performing his task. The guideline that applys to this case is that a "written statement by the factfinder" must be provided to the inmate and he must list the "reasons for the disciplinary action" {emphesis added} See: (Wolff v. McDonnell, 418 US 539, 41 L. Ed. 2d. 935, 94 S. Ct. 2963 (1974); Morrissey v. Brewer, 408 US 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972)) In his written report DHO Bittenbender never stated why he took the petitioners phone, visit, and commissary privledges - let alone why he imposed sanctions that weren't imposed at the time of the hearing. (See: Exhibit "A" Section VII)

While it may not sound like a big deal to most people, the loss of telephone and visiting privledges for a year placed a harsh and unwarranted

hardship on the petitioner. That's a whole year he couldn't speak with or visit his family, and during a time when COVID 19 was still considered a National Crisis. Not only were the sanctions imposed almost unheard of for a 300 series incident report (the second lowest class of write up in the Federal Bureau of Prisons), but the loss of priviledges sanctions weren't even listed in the section of the written report that's reserved for listing the "Reason for Sanction or Action Taken".

It's almost certain that the respondant will wish to challange the petitioners §2241 on grounds of exhausting the administrative remedy process, so the petitioner will address that issue at this time.

It's an undisputed fact that petitioners filing of the BP 11 to the Central Office in Washington, D.C. was not only untimely but also lacking documents required in the process. But it wasn't for his lack of trying. While he was in the SHU at USP Canaan he attempted to obtain a BP 11 form from his unit team and they refused to provide one (See Exhibit "B" at 8+9 - Petitioners Affidavit). It wasn't until he arrived at U.S.P. Atwater that he obtained the propper form and filed it even though it was late, and he was unable to provide the required document(s) to go with it because part of his personal property was lost in transit (Exhibit "B" at ).

Courts have long held the discretion to waive the exhaustion requirement when administrative remedies are inadequate or unavailable. See Ward v. Chavez, 678 F.3d 1042, 1045 (9th 2012); and Laing v. Ashcroft, 370 F.3d 994, 1000 (9th 2004). The Supreme Court holds in the case of Ross v. Blake, 578 U.S. 632, 136 S.Ct. 1850, 195 L.Ed. 2d. 117 (2016) "An administrative procedure is unavailable when (despite what regulations

or guidance materials may promise) it operates as a simple dead end - with prison officers unable or consistently unwilling to provide any relief to aggrieved inmates." Petitioner also refers the court to Marella v. Terhune, 568 F.3d 1024, 1027-28 (9th 2009) a case in which the prisoner was excused from exhaustion requirement where he doesn't have access to the necessary grievance forms to file a timely grievance. Also see: Francis v. Rison, 894 F.2d 353 (9th 1990); and Murry v. Carrier, 477 U.S. 478, 488, 91 L.Ed. 2d 397, 106 S.Ct. 2639 (1986) describing that 'such a showing of interference by officials is one of the ways in which a habeas petitioner may be excused for a procedural default.

Concerning the discretion that the courts have to waive these requirements we are told that "A 'key consideration' in exercising such discretion is whether 'relaxation of the requirement would encourage the deliberate bypass of the administrative scheme'" Laing at 1000 quoting: Montes v. Thornburgh, 919 F.2d 531 (9th 1989). The petitioner clearly didn't attempt to "bypass" the "administrative scheme", he filed the propper form (BP 11) at the only time it was available to him, and as for the missing form(s) that the Central Office required - they were lost in transit, not suprising since he was litterly housed in three seperate institutions in the span of about five months.

On a side note - that's worth some arguement - though the petitioner doesn't dispute the fact he did in fact refuse to be housed in general population for concerns of his safety it should not be an act that warrants a disciplinary report. "Certainly a prisoner may be expected to behave reasonably with respect to the dangers that prison life invariably presents. But a prisoner is not obligated to commit a disiplinary infraction in pursuit of his own safety. Prisons are, by their very nature, disciplinary, liberty-restricting environments in

which safety and order are paramount concerns. Maintaining institutional security and preserving internal order and discipline are essential goals in the prison setting. Prisoners are expected to follow orders and rules, not disobey them." Gevas v. McLaughlin, 798 F.3d 475 (7th 2015)

III. Conclusion

The year that the petitioner had to endure not being able to speak to his family on the phone or face to face on a visit can not be replaced. And for what reason? All because of a concern for his own safety. And the DHO took these priveledges without telling him, and by violating his due process rights by not even giving a reason for taking them.

Petitioner hereby prays that the court accept this memorandum and attached affidavits, in their entirety, and grant the relief sought in his §2241 and this memorandum.

Respectfuly submitted on this 9th day of May, 2023.

[signature] - petitioner

Frank Sutton #18386026
USP Atwater
P.O. Box 019001
Atwater, CA, 95301

EXHIBIT "A"



BP-A0304 **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

conclusion the greater weight of the evidence, listed in the paragraphs above, support(s) the finding, SUTTON committed the prohibited act(s) of Refusing Programs, Code(s) 306, on 4/5/22 ,at or about 1106, in SHU , at USP Allenwood.

VI. SANCTION OR ACTION TAKEN

306 (FREQ 3) - DIS GCT 27 DAYS, 306 (FREQ 3) - FF NVGCT 60 DAYS, 306 (FREQ 3) - LP COMM 1 YEARS, 306 (FREQ 3) - LP PHONE 1 YEARS, 306 (FREQ 3) - LP VISIT 1 YEARS

VII. REASON FOR SANCTION OR ACTION TAKEN

SUTTON's refusal to take part in a program assignment (refusing general population in this case) threatened the orderly running of this facility. Inmates are obligated to reside in general population, barring a validated rationale for the contrary. In this case, none was shown. SUTTON S choosing to remain in Special Housing limits his ability to take part in meaningful correctional programing. The DHO finds the charge for code 306 to warrant the Forfeiture of Non Vested Good Conduct Time in addition to the Disallowance of Good Conduct Time based on the offense being of a highly aggravated offense which greatly jeopardizes the safety of staff and inmates.

VIII. APPEAL RIGHTS: X The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| BITTENBEND | BITTENBEND | 05-09-2022 |

DHO Report Delivered to Inmate by:

| K. Bittenbender | K. Bittenbender | 5/16/22 1200 |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF CALIFORNIA

FRANK P. SUTTON
Petitioner,
v.
TRATE
Respondent.

Case no.-

PETITIONERS AFFIDAVIT IN SUPPORT OF 28 U.S.C. § 2241 PETITION AND SUPPORTING MEMORANDUM

I Frank P. Sutton, the petitioner in the above entitled cause respectfuly submit this affidavit in support of my § 2241 petition and its supporting memorandum. This affidavit is refered to as "Exhibt B" in my supporting memorandum and I respectfuly request that it be noted as such in the court record.

I hereby swear to the following under the penalty of perjury:

1) On April 5, 2022 while housed at U.S.P. Allenwood, in White Deer Pennsylvania, I received a 306 series disciplinary report (refusing housing assignment) for refusing the compound due to concerns for my safety.

2) On May 9, 2022 I went in front of Disciplinary Hearing Officer (D.H.O.) Bittenbender for disposition of the disciplinary report.

3) D.H.O. Bittenbender stated he was finding me guilty of the charge and sanctioned me to the "disallowance of 27 days of good conduct time, and forefeiture of 60 days of non-vested good conduct time" these were the only sanctions imposed at the hearing.

4) The day after my hearing I discovered I was on phone restriction when I tried using the phone, a restriction I was not previously on before I went to D.H.O.

5) On May 16, 2022 I received a written copy of the Disciplinary Hearing Report and discoverd that D.H.O Bittenbender imposed additional sanctions that were not imposed at the hearing, and not justified in the D.H.O. Report, namely: 1 year loss of commissary, 1 year loss of phone, and 1 year loss of visits.

6) I filed my first step of the appeals process (a BP 10) on July 28, 2022 and it was denied on or around September 26, 2022.

7) On or around September 28, 2022 I was transfered from USP Allenwood to USP Canaan, located in Waymart, Pennsylvania - which is where I was when the denial to the BP-10 caught up with me.

8) I requested a BP-11 (to continue the administrative remedy process) from my counselor "officer Oliver" and he refused to give me one, he said "you shouldn't have checked in, come out to the compound and I'll give you one". (I was being housed in the SHU for concerns of my safety)

9) I also requested a BP-11 from my unit manager "Officer Frye" who told me he didn't hand out forms and that I needed to get them from "Oliver".

10) On or around January 17, 2023 I was again transfered - this time to USP Atwater and placed in the RHU Program upon my arrival (Febuary 12, 2023).

11) I attempted to complete the administrative remedy process, again, by filing my BP 11 - though untimely - from USP Atwater. It was denied for failure to provide the denial response from the BP-10.

12) I was unable to provide the response to the BP 10 because during the transit process from USP Canaan to USP Atwater I ended up losing half of my property.

13) I sent an "electronic request to staff" to officer Fisher in R&D about my property getting lost and he E-Mailed USP Canaan's R&D about it but they never responded, I'm currently in the process of filing a Tort Claim regarding the matter.

14) I spoke with my counselor (officer Reyes) here at USP Atwater to try and get a copy of the BP-10 denial response so I could re-submit my BP 11 but he informed me he had no way to obtain a copy.

15) Now I am filing my instant §2241 petition and supporting documents.

I, Frank P. Sutton, swear under the penalty of perjury that everything contained herein is true and factual and I will testify as to such, if I am required to do so.

Respectfully submitted on this 9th day of May, 2023.

Frank Sutton - petitioner

Frank Sutton # 18386026
USP, Atwater
P.O. Box 019001
Atwater, CA. 95301

EXHIBIT C



U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Sutton, Frank P. (LAST NAME, FIRST, MIDDLE INITIAL) 18386026 (REG. NO.) 2-A (UNIT) ATW (INSTITUTION)

**Part A - REASON FOR APPEAL**

RE: Incident Report # 3613839 - DHO Bittenbender never stated the reasons for imposing sanctions (loss of phone, commissary, and visits) as required by program statements. This incident occured at USP Allenwood, and I realize this BP-11 is considered untimely but I was transfered to USP Canaan before I could complete the Administrative Remedy Process where my unit team refused to give me any Kind of Administrative Remedy Form. Requesting this Incident be expunged.

2/22/2023 (DATE) [signature] (SIGNATURE OF REQUESTER)

**Part B - RESPONSE**

RAP-B
RSA

RECEIVED
MAR 07 2023
Administrative Remedy Section
Federal Bureau of Prisons

DATE

GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 1123498-A1

**Part C - RECEIPT**

CASE NUMBER:

Return to: LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN

PRINTED ON RECYCLED PAPER

BP-231(13)
JUNE 2002